**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

OMAR HARHARA
and RAWEYA HARHARA,

      Plaintiffs,

                                    Case No. 07-CV-12650

v.

HORMIDAS NORVILLE
and 127529 ONTARIO, INC.,

      Defendants.
                                      /

**OPINION AND ORDER DENYING DEFENDANTS' "MOTION TO CHANGE VENUE"**

Pending before the court is a "Motion to Change Venue," filed by Defendants Hormidas Norville and 127529 Ontario, Inc. ("Ontario") on July 3, 2007. This motion has been fully briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Defendants' motion.

**I. BACKGROUND**

On March 29, 2007, Plaintiffs Omar Harhara ("Plaintiff")[1] and Raweya Harhara filed suit against Defendants in Wayne County Circuit Court alleging negligence/gross negligence on the part of Norville (Count I), ownership liability/respondeat superior/negligent hiring by Ontario (Count II) and a consortium claim by Raweya Harhara (Count III). (Pls.' Compl. at 3-7.) Plaintiffs' claims arise from an August 23, 2006, motor vehicle accident in Calhoun County wherein a tractor-trailer driven by

---

[1]All references to "Plaintiff" refer to Omar Harhara, while references to "Plaintiffs" refer to Omar and Raweya collectively.

Norville collided with Plaintiff's vehicle after Plaintiff pulled onto I-94 from the shoulder. (Pls.' Compl. at 2-3.) The tractor-trailer driven by Norville was owned by Norville's employer Ontario. (*Id.* at 2.)

On June 21, 2007, Defendants removed the action to this court on the basis of diversity jurisdiction in accordance with 28 U.S.C. § 1446(b). (Notice of Removal at 1-3.) Plaintiffs are, and have been at all relevant times, citizens of Wayne County, Michigan. (Pls.' Compl. at 2.) Defendant Norville is and was at all relevant times a citizen of Ontario, Canada. (Notice of Removal at 3.) Defendant Ontario is a Canadian trucking company, with its principal place of business in Oakville, Canada. (Defs.' Mot. at 3.)

On July 3, 2007, Defendants filed their "Motion to Change Venue." Defendants asserted that most of the unbiased witnesses to the accident and sources of proof are in Calhoun County, in the Western District of Michigan. (*Id.* at 4-12.) Defendants further argue that venue was improper in Wayne County and that fact should serve to bolster the appropriateness of a transfer. (*Id.* at 8-12.)

## II. STANDARD

Because this case was removed from a Michigan state court, the court looks to 28 U.S.C. § 1441 for the rule governing proper venue. "Venue in removed cases is governed solely by §1441(a)." *Kerobo v. Southwestern Clean Fuels, Corp.,* 285 F.3d 531, 534 (6th Cir. 2002) (citing *Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663, 665 (1953)). Under § 1441(a), the only proper federal venue is the "district and division embracing the place where [the state court] action is pending." *Id.*; 28 U.S.C.§ 1441(a).

Transfer of venue is governed by 28 U.S.C. § 1404(a), which provides that "[f]or

2

the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This provision is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "A district court 'has broad discretion to grant or deny a motion to transfer [a] case.'" *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (citing *Cote v. Wadel,* 796 F.2d 981, 985 (7th Cir. 1986)). The party seeking transfer of venue typically has the burden to establish that the new forum is more convenient. *Viron Inter. Corp. v. David Boland Inc.*, 237 F. Supp. 2d 812, 815 (W.D. Mich. 2002). Furthermore, "[m]erely shifting the burden [of inconvenience] from one party to another is impermissible." *Grand Kensington, LLC v. Burger King Corp,* 81 F. Supp. 2d 834, 837 (E.D. Mich. 2000). Unless the balance is strongly in favor of the defendant, venue should not be disturbed. *Raymond E. Danto, Assocs., Inc. v. Arthur D. Little, Inc.,* 316 F. Supp. 1350, 1357 (W.D. Mich. 1970) (citing *Nicol v. Koscinski,* 188 F.2d 537 (6th Cir. 1951)).

### III. DISCUSSION

### A. Propriety of Venue in Wayne County

Defendants argue that Wayne County was an improper venue in which to file suit. (Defs.' Mot. at 8-12.) As an initial matter, the court will discuss the propriety of

venue in Wayne County Circuit Court.  Mich. Comp. Laws § 600.1629 is the venue statute applicable in tort actions and provides:

> (1) [I]n an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, all of the following apply:
>
> (a) The county in which the original injury occurred and in which either of the following applies is a county in which to file and try the action:
>
> (i) The defendant resides, has a place of business, or conducts business in that county.
>
> (ii) The corporate registered office of a defendant is located in that county.
>
> (b) If a county does not satisfy the criteria under subdivision (a), the county in which the original injury occurred and in which either of the following applies is a county in which to file and try the action:
>
> (i) The plaintiff resides, has a place of business, or conducts business in that county.
>
> (ii) The corporate registered office of a plaintiff is located in that county.
>
> (c) If a county does not satisfy the criteria under subdivision (a) or (b), a county in which both of the following apply is a county in which to file and try the action:
>
> (i) The plaintiff resides, has a place of business, or conducts business in that county, or has its corporate registered office located in that county.
>
> (ii) The defendant resides, has a place of business, or conducts business in that county, or has its corporate registered office located in that county.
>
> (d) If a county does not satisfy the criteria under subdivision (a), (b), or (c), a county that satisfies the criteria under section 1621 or 1627 is a county in which to file and try an action.

The court's analysis begins under subsection (1)(a), which provides that venue is proper in the county where the original injury occurred, provided that "the" defendant resides, has a place of business, or conducts business in that county or "a" defendant has its corporate registered office in that county.  The original injury occurred in Calhoun

4

County, and Ontario conducts business in that county.[2] Thus, Ontario would satisfy subsection (1)(a)(i) if it were the sole defendant in this case. However, the Michigan Supreme Court has explained that, in the context of the venue statute, the legislature intended a different meaning between the terms "the defendant" and "a defendant." *Massey v. Mandell,* 614 N.W.2d 70, 73 (Mich. 2000). "The defendant" applies in cases in which there is only one defendant; "a defendant" applies in cases where there are more than one defendant. *Id.*; *see* also *Shiroka v. Farm Bureau General Ins. Co,* ___ N.W.2d ___, 2007 WL 1765005 (Mich. Ct. App. June 19, 2007). Thus, because this case has two defendants, subsection (1)(a)(i) cannot establish venue.

Because the criteria of subsections (a), (b) or (c) are likewise not fulfilled, none of those subsections provide venue in Wayne County. Subsection (d) provides that "[i]f a county does not satisfy the criteria under subdivision (a), (b), or (c), a county that satisfies the criteria under section 1621 or 1627 is a county in which to file and try an action." Mich. Comp. Laws § 600.1629(1)(d).

Section 600.1621 provides that "[t]he county in which a defendant resides, has a place of business, or conducts business, or in which the registered office of a defendant

---

[2]Defendants have asserted that Ontario conducts business in Calhoun County via its regular transportation of loads through and into Battle Creek, Michigan. (Defs.' Mot. at 3.) Plaintiffs present no evidence to dispute this. A company conducts business in a county for venue purposes if the company has some real presence such as might be shown by systematic or continuous business dealings inside that county. *Schultz v. Silver Lake Transport*, 523 N.W.2d 895, 897 (Mich. Ct. App. 1994). A trucking company conducts business in a county if, in addition to regularly driving through the county, it makes stops in the county because it has customers there. *Id.* Because Ontario regularly transports loads not only through Battle Creek, but stops to make deliveries *in* Battle Creek, it conducts business for venue purposes in Calhoun County.

5

corporation is located, is a proper county in which to commence and try an action." Because Ontario conducts business in Calhoun County, venue is proper in Calhoun County.

However, this determination does not end the inquiry concerning whether venue was proper in Wayne County because, under the broad language of the venue statutes, "it is quite possible for venue to exist in more than one forum." *Audi AG & Volkswagen of Amer.*, *Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1022 (E.D. Mich. 2002). In the event that Ontario conducts business in Wayne County, venue would have been proper in Wayne County pursuant to § 600.1621(a).[3] It is not clear whether Ontario also conducts business in Wayne County. Apparently, this prospect was not considered by either party because, according to the venue provisions that each party erroneously asserted was applicable, such a determination was not necessary.

Significantly, even assuming that Ontario does not conduct business in Wayne County, thus rendering venue in Calhoun County proper and in Wayne County improper, this fact alone would not necessitate a finding that venue is not proper in the Eastern District of Michigan. As noted above, "[v]enue in removed cases is governed solely by § 1441(a)," the removal statute. *Kerobo,* 285 F.3d 534 (where an action is removed in accordance with § 1441(a), a district court may not dismiss the action for improper venue). Section 1441(a) provides that the proper venue of a removed action is "the district court of the United States for the district and division embracing the place

---

[3]Section 600.1627 does not confer venue in Wayne County as it requires venue to be in "the county in which all or a part of the cause of action arose."

6

where such action is pending." Here, the action was removed to the district court in the Eastern District of Michigan from a state court within the area embraced by the Eastern District of Michigan. Hence, the action was removed in accordance with section 1441(a) and venue is proper in the Eastern District. *See Polizzi,* 345 U.S. 665-66.

To further reinforce that point, 28 U.S.C. § 1441(f) provides that "[t]he court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." Where, as here, a defendant removes a case in accordance with section 1441(a), then seeks a transfer of venue, the proper vehicle by which to do so is to seek a discretionary transfer based upon section 1404(a).[4] *Kerobo,* 285 F.3d at 535-36.

### B. Discretionary Transfer of Venue under Section 1404(a)

To transfer an action under section 1404(a), the following three requirements must be met: "(1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties." *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994). Factors to consider in determining whether to transfer venue include:

---

[4]Defendants concede as much in their motion when they cite to multiple cases standing for the proposition that removal in accordance with section 1441(a) precludes a challenge to venue as improper, but allows a defendant to attack venue as inconvenient. (Defs.' Mot. at 9-10.) Defendants do just that. Although they do argue that venue was improper in Wayne County, the core of their argument is that the court should exercise its discretion to transfer venue to a more convenient forum. (*See generally* Defs.' Mot.)

7

(1) the convenience of witnesses;
(2) the location of relevant documents and relative ease of access to sources of proof;
(3) the convenience of the parties;
(4) the locus of the operative facts;
(5) the availability of process to compel the attendance of unwilling witnesses;
(6) the relative means of the parties;
(7) the forum's familiarity with the governing law;
(8) the weight accorded the plaintiff's choice of forum; and
(9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

First, this action could have been brought in the U.S. District Court for the Western District of Michigan. *See* 28 U.S.C. § 1391(a); Mich. Comp. Laws § 600.1621. With respect to the interest of justice and the convenience of witnesses, Defendants assert that the unbiased witnesses to the accident and most of the sources of proof are in the Western District. (Defs.' Mot. at 4-8.) Among the main contested issues in this case are the negligence of the parties involved in the accident and the extent of Plaintiff's injuries. Defendants maintain that the most important witnesses to this case, "the police, MDOT, medical, towing and independent accident witnesses" work or reside in Calhoun County.[5] The court is not convinced of the accuracy of this assertion. First, it is not at all clear that the witnesses listed by Defendants are the "most important" witnesses to this case. Second, the number of witnesses and parties for whom the

---

[5]Apparently an MDOT employee was called to the scene of the accident to remove a damaged control device, and a towing company was called to tow Plaintiff's vehicle. (Defs.' Mot. at 2.)

8

Eastern District is more convenient tips the convenience scale in favor of Plaintiffs. As Plaintiffs point out in their response motion, it is significantly more convenient, distance-wise, for the following witnesses and parties if venue was in the Eastern District: Plaintiffs, Gamal Ervin (a passenger in Plaintiff's vehicle at the time of the accident), Plaintiff's treating physicians, Plaintiff's family members, who could potentially testify concerning Plaintiff's injuries, Defendants and defense counsel. (Pls.' Resp. at 3-4.) Plaintiff's treating physicians, who are located in the metro-Detroit area, are particularly critical witnesses on the issue of Plaintiff's injuries. (*Id.*) Although Plaintiff was briefly treated at a hospital in Calhoun County after the accident, the remainder of his treatment, as provided by multiple doctors and medical facilities, took place in the metro-Detroit area. As compared to the necessity for securing key witnesses such as Plaintiffs, Defendant Norville, Ervin and Plaintiff's treating physicians, the necessity for witnesses like MDOT and the towing company is less strong.[6]

Moreover, although the situs of the injury is in Calhoun County, Defendants have not established that the Western District contains relevant documents or sources of proof that would be unduly burdensome for Defendants to obtain if this action

---

[6]Defendants argue that because there are unbiased witnesses living within the Western District who are outside of this court's subpoena power pursuant to Federal Rule of Civil Procedure 45, Plaintiff's paid experts are more likely to appear at trial than Defendants' witnesses. (Defs.' Mot. at 8.) First, there is no evidence to suggest that the witnesses living within the Western District will be unwilling to travel to the Eastern District to testify. Second, Defendants acknowledge in their motion that the said witnesses may be compelled to attend court via Federal Rule of Civil Procedure 45(c)(3)(B)(iii). (*Id.*) In any event, although Defendants' difficulty in securing witnesses at trial is a factor to consider in the venue transfer analysis, it is not by itself a sufficient basis to transfer venue.

9

proceeded in the Eastern District.  At the very least, Defendants cannot demonstrate that it would be more difficult for them to obtain necessary evidence if trial proceeded in the Eastern District than it would be for Plaintiffs to obtain necessary evidence if trial proceeded in the Western District.  As noted above, the burden is on the moving party to establish that the new forum is more convenient, and a transfer merely shifting the burden of inconvenience from one party to another is impermissible.  *Viron Inter. Corp.*, 237 F. Supp. 2d at 815; *Grand Kensington, LLC*, 81 F. Supp. 2d at 837.  With respect to the additional considerations of public policy, the forum's familiarity with governing law, or the means of the parties, the court does not find that one district is favored over another.

The court is mindful of the factors favoring venue in the Western District, namely, the situs of the injury is in the Western District and the Western District is more convenient for certain witnesses, including the police officer on the scene and the medical personnel who treated Plaintiff immediately after the accident.  Nevertheless, Plaintiffs present equally, if not more, compelling reasons to leave venue undisturbed. The decision to transfer is within the discretion of the district court and the court is not persuaded that the relevant considerations are tipped so in favor of the Western District that a transfer of venue is warranted.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendants' "Motion to Change Venue" is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: August 15, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 15, 2007, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522