STATE OF MICHIGAN
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR HARHARA and
RAWEYA HARHARA, his wife,

        Plaintiffs,                  No.   07-12650
                                            Hon. Robert H. Cleland
    vs.                              Mag. Steven D. Pope

HORMIDAS NORVILLE and
127529 ONTARIO, INC.,

        Defendants.

_____/

| | |
|---|---|
| DAVID B. TIMMIS P40539 | MARK SHREVE P29149 |
| Attorney for Plaintiffs | KAREN LIBERTY LUDDEN P48815 |
| 1450 W. Long Lake Road, Suite 100 | Garan Lucow Miller |
| Troy, MI 48098 | Attorney for Defendants |
| (248) 312-2800 | 1111 W. Long Lake Road, Suite 300 |
| | Troy, MI   48098-6333 |
| | (248) 641-7600 |

_____/

## NOTICE OF HEARING

      PLEASE TAKE NOTE that the attorney Motion to Compel will be brought on

for hearing before the Honorable Robert H. Cleland, on a date and time to be set

by the Court.

                    VANDEVEER GARZIA, P.C.


                    By  s/Timothy J. Connaughton_____
                      DAVID B. TIMMIS  (P40539)
                      TIMOTHY J. CONNAUGHTON (P60345)
                      Attorneys for Plaintiff
                      1450 West Long Lake Road/Suite 100
                      Troy, MI  48098
                      (248) 312-2800
                      tconnaughton@vgpclaw.com

DATED:  September 4, 2007

1

STATE OF MICHIGAN
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR HARHARA and
RAWEYA HARHARA, his wife,

               Plaintiffs,                    No.   07-12650
                                                  Hon. Robert H. Cleland
         vs.                          Mag. Steven D. Pope

HORMIDAS NORVILLE and
127529 ONTARIO, INC.,

               Defendants.

_____/

| DAVID B. TIMMIS P40539 | MARK SHREVE P29149 |
|---|---|
| Attorney for Plaintiffs | KAREN LIBERTY LUDDEN P48815 |
| 1450 W. Long Lake Road, Suite 100 | Garan Lucow Miller |
| Troy, MI 48098 | Attorney for Defendants |
| (248) 312-2800 | 1111 W. Long Lake Road, Suite 300 |
| | Troy, MI   48098-6333 |
| | (248) 641-7600 |

_____/

**MOTION TO COMPEL DEFENDANT'S ANSWERS TO INTERROGATORIES**

       NOW COME the Plaintiffs, OMAR HARHARA and RAWEYA HARHARA, by and through their attorneys, Vandeveer Garzia, P.C., and for their Motion to Compel Defendant's Answers to Interrogatories, state as follows:

       1.      This automobile negligence action was initially filed in Wayne County Circuit Court.  At that time, Plaintiff served Interrogatories, Request for Production of Documents and Request for Admissions on the Defendants.

       2.      Defendants then removed this action to this Court, at which time Defendants objected to Plaintiff's initial set of discovery requests as being in

VANDEVEER GARZIA, P.C.

2

violation of FRCP 33(a), i.e., that Plaintiff had submitted excessive discovery requests.

3.      Plaintiffs prepared a new set of discovery requests and served them on Defendant (see **Exhibit A**, Plaintiff's Interrogatories to Defendants dated July 20, 2007).

4.      On August 10, 2007, Defendant filed an objection to Plaintiff's Interrogatories, claiming that Plaintiff "has submitted in excess of 95 Interrogatories and discrete subparts in violation of Federal Rules of Civil Procedure, Rule 33".

5.      For the reasons set forth herein, Plaintiff respectfully requests that this Honorable Court compel Defendants to answer Plaintiff's discovery requests as they are not in violation of Federal Rule of Civil Procedure 33.

6.      Plaintiffs further request costs and attorney fees for having to file this Motion because, as will be set forth in the attached Brief, Plaintiff's discovery requests clearly do not violate Federal Rule of Civil Procedure 33.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant their Motion to Compel Answers to Interrogatories and impose costs and attorney fees against Defendant.

VANDEVEER GARZIA, P.C.


By s/Timothy J. Connaughton
    DAVID B. TIMMIS  (P40539)
    TIMOTHY J. CONNAUGHTON (P60345)
    Attorneys for Plaintiff
    1450 West Long Lake Road/Suite 100
    Troy, MI  48098
    (248) 312-2800
    tconnaughton@vgpclaw.com

DATED:  September 4, 2007

VANDEVEER GARZIA, P.C.

4

## <u>TABLE OF CONTENTS</u>

STATEMENT OF FACTS.................................................................................. 1

LEGAL ARGUMENT ..................................................................................... 2

INDEX OF AUTHORITIES .............................................................................ii

VANDEVEER GARZIA, P. C.

## <u>INDEX OF AUTHORITIES</u>

*Estate of Manship v. United States*, 232 F.R.D. 552 M.D. La 2005.........3,4

*Kendall v. GES Exposition Services, Inc.*, D.C. Nev. 1997,
   174 F.R.D. 684 .................................................................................. 4

*Safeco of America v. Rawstron,* D.C. Cal. 1998, 181 F.R.D. 441,
   quoting *Wright, Miller and Marcus* ...........................................................*3*

*Swackhammer v. Sprint Corp., PCS,* 225 F.R.D. 658, 60 Fed.R.Serv.
   3rd 945(D) Kann 2004 ...............................................................................3

*Trevino v. ACB American, Inc.,* 232 F.R.D. 612, 614 (N.D. Cal. 2006) ......3

FRCP 33(a) ................................................................................1, 2, 4, 7, 8

VANDEVEER GARZIA, P.C.

STATE OF MICHIGAN
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR HARHARA and
RAWEYA HARHARA, his wife,

        Plaintiffs,                    No.   07-12650
                                                  Hon. Robert H. Cleland
        vs.                            Mag. Steven D. Pope

HORMIDAS NORVILLE and
127529 ONTARIO, INC.,

        Defendants.
_____/

DAVID B. TIMMIS P40539         MARK SHREVE P29149
Attorney for Plaintiffs           KAREN LIBERTY LUDDEN P48815
1450 W. Long Lake Road, Suite 100   Garan Lucow Miller
Troy, MI 48098                Attorney for Defendants
(248) 312-2800                1111 W. Long Lake Road, Suite 300
                                  Troy, MI   48098-6333
                                    (248) 641-7600
_____/

**BRIEF IN SUPPORT OF MOTION TO COMPEL
DEFENDANT'S ANSWERS TO INTERROGATORIES**

**STATEMENT OF FACTS**

     Plaintiffs initially filed this action in Wayne County Circuit Court.
Defendants removed this matter based upon diversity grounds.  Defendants then
objected to Plaintiff's previously submitted discovery requests as violative of FRCP
33.

     As a result, Plaintiffs submitted new discovery requests in compliance with
FRCP 33, which are attached hereto as **Exhibit A**.

1

On August 10, 2007, Defendant submitted yet another objection to Plaintiff's discovery requests.  That objection is attached hereto as **Exhibit B** and claims that Plaintiff has submitted in excess of 95 Interrogatories and discrete subparts and claims that this represents "another" violation of FRCP 33(a).  First, Plaintiff's initial set of discovery requests were served in conjunction with the Wayne County Circuit Court case, and therefore, there was no requirement that Plaintiffs comply with FRCP 33(a).  Second, these discovery requests do not represent a violation of the rule, as will be explained more clearly in the argument section of this Brief.

VANDEVEER GARZA, P.C.

## **LEGAL ARGUMENT**

Federal Rule of Civil Procedure 33(a) states, in pertinent part, as follows:

> (a)     Availability. Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all <u>discrete</u> subparts, to be answered by the party serve… (emphasis added)

Defendant claims that Plaintiffs' discovery requests, attached hereto as **Exhibit A**, are in violation of this rule.  <u>Defendant is mistaken</u>.

In conjunction with the 1993 amendments, the Advisory Committee, in an effort to clarify meaning of "discrete subparts", and how courts should interpret an issue such as the one presented to this Court provided the following example:

> However, a questions asking about communications of a particular type <u>should be treated as a single interrogatory</u> even though it requests that the time, place, persons present, and contents be stated separately for each such communication.  (See **Exhibit B**)

2

There have been multiple decisions from various jurisdictions regarding this issue, all holding that, as long as the interrogatory focuses on one common theme and one common subject, each subpart is not to be treated as a discrete and separate entity for purposes of tabulating the number of interrogatories presented.

Those subparts of interrogatories which relate to a common theme would not count as separate interrogatories for purposes of the numerical limit. *Swackhammer v. Sprint Corp., PCS,* 225 F.R.D. 658, 60 Fed.R.Serv. 3rd 945(D) Kann 2004.

Identifying a person by name, address, phone number and place of employment is necessary to accurately identify a person and does not count as four separate interrogatories. *Estate of Manship v. United States*, 232 F.R.D. 552 M.D. La 2005.

What case law there is on the subject supports the common sense conclusion that an interrogatory may only contain multiple parts that are logically subsumed within and necessarily related to the primary question. *Trevino v. ACB American, Inc.,* 232 F.R.D. 612, 614 (N.D. Cal. 2006).

If subparts are subsumed within or necessarily related to the primary question, they should be counted as one interrogatory rather than as multiple interrogatories. *Safeco of America v. Rawstron,* D.C. Cal. 1998, 181 F.R.D. 441, quoting *Wright, Miller and Marcus*.

Interrogatory subparts are to be counted as part of but one interrogatory if they are logically or factually subsumed within and necessarily related to the

primary question.  *Kendall v. GES Exposition Services, Inc.*, D.C. Nev. 1997, 174 F.R.D. 684.

Here, Defendant does not analyze Plaintiff's discovery requests in detailed fashion to apprise Plaintiff of which interrogatories it feels contain discrete subparts that would, when tallied, equate a violation of FRCP 33(a).  However, a review of the Interrogatories which again, are attached hereto as **Exhibit A**, reveals that such an analysis would fail to support Defendants' objection.

Interrogatory #1 entitled **"Defendant-driver"**, asks questions concerning the driver of the Defendant vehicle, namely, the driver's name, spouse and date of marriage, aliases, date of birth, driver's license number, social security number and driving record.  Clearly, these subparts are subsumed within the primary question, and in fact, Plaintiff has cited a case specifically on point, i.e., that in order to identify an individual, these types of questions are necessary, and should be considered one interrogatory.  See *Estate of Menship*.

Interrogatory #2, entitled **"Licenses"**, requests information regarding any licenses the driver holds.  The interrogatory addresses only one common issue and is to be treated as one interrogatory.

Interrogatory #3, entitled **"Employment"**, requests information regarding the Defendant's employment, i.e., the nature of his employment, the name and address of his employers, the time period he worked at each employment, and a statement for the reason that he left employment.  These are not to be construed as multiple interrogatories, but rather all of these subparts are subsumed within

VANDEVEER GARZIA, P.C.

4

the primary question, and are to be treated as one interrogatory for purposes of the numerical limitation.

Interrogatory #4, entitled "**Crime**", requests information regarding Defendant's criminal history, if any.

Interrogatories #5 and #6 request information regarding the day of the accident. Interrogatory #5 requests a description of what the Defendant did during the date of the accident, prior to the accident. Interrogatory #6 asks for the complete route Defendant-driver took on the date of the accident. Each is to be construed as on Interrogatory only.

Interrogatory #7, entitled **"Observation of Plaintiff's Vehicle"** requests information such as the time when Defendant-driver first noticed Plaintiff's vehicle, Defendant's speed at the time of impact, the lane in which Defendant was traveling, Defendant's observations of the Plaintiff's lights, obstructions to his view, efforts to avoid the collision, etc. Again, these all pertain to Defendant's observations of Plaintiff's vehicle and the impact with that vehicle, which Defendant alleges pulled out in front of him, and other pertinent information with respect to the subject crash.

Interrogatory #8 was inadvertently omitted.

Interrogatory #9, entitled **"Comparative Negligence"**, simply asks Defendant to explain each and every act or omission that Defendant claims constitutes comparative negligence on behalf of Plaintiff.

VANDEVEER GARZIA, P.C.

5

Interrogatory #10, entitled **"Observations of Plaintiff"**, requests information regarding Defendant's observations of Plaintiff at the scene of the accident, i.e., discussions, physical description, etc.

Interrogatory #11, entitled **"Witnesses"**, requests names, addresses, phone numbers and description of anticipated testimony of witnesses Defendant will rely upon.

Interrogatory #12, entitled **"Experts"**, requests information regarding Defendant's proposed expert witnesses.

Interrogatory #13, entitled **"Vision"**, requests information regarding whether or not Defendant-driver wears corrective lenses, and if so, the details of Defendant's vision condition.

Interrogatory #14, entitled **"Medication"**, requests information regarding whether or not the Defendant was on any prescription medication at the time of the accident, and if so, the details of that medication.

Interrogatory #15, entitled **"Driving Record"**, requests information regarding Defendant's driving history.

Interrogatory #16, entitled **"Prior Motor Vehicle Accident"**, requests information as to whether or not Defendant has ever been involved in prior motor vehicle accidents, and the details of same.

Interrogatory #17, entitled **"Road Condition/Defect"**, asks whether or not Defendant is alleging whether any highway defect contributed to the motor vehicle accident, and if so, the details of those allegations, including any legal basis for same.

VANDEVEER GARZA, P.C.

6

Interrogatory #18, entitled **"Cellular Telephone"**, asks whether or not Defendant owns or possesses a cellular phone, and whether or not Defendant was utilizing the cellular phone at the time of the accident, and if so, specific information regarding cellular phone and cellular phone useage.  Clearly, like all the other Interrogatories, those subparts are subsumed within the primary question, and are to be treated as one.

This constitutes the entire set of discovery requests forwarded to Defendant Norville Hormidas, and clearly, contains 17 (misnumbered as 18) separate interrogatories.  The subparts pertaining to each interrogatory are subsumed by the primary question involved.  As the case law cited above would indicate, "common sense" dictates that these should not be considered separate interrogatories.  Defendant has evidently gone through the trouble of counting all of the subparts, and has come to the conclusion that each and every subpart represents a discrete subpart and therefore should be counted as a separate interrogatory.  This argument clearly flies in the face of the purpose of FRCP 33(a) and is contrary to all of the case law interpreting the rule.

While Plaintiffs are hesitant to point the finger at opposing counsel, attached hereto as **Exhibit C** is Defendant's First Set of Interrogatories to Plaintiff. Using the same "mathematics" as Defendant, Plaintiff could very easily argue that Defendant has set forth interrogatories which exceed the numerical limitation contained in FRCP 33(a).  For instance, Defendant's interrogatory #3 asks for the names and addresses of all doctors, hospitals, clinics and medical practitioners with whom Plaintiff has treated <u>both prior to and subsequent to the accident</u>, and

7

also asks for the specific reason for each treatment.  That arguably contains two very distinct sets of questions.  It requests information regarding Plaintiff's prior medical history and information regarding the medical conditions that Plaintiff alleges are attributable to the subject accident.  Those are arguably separate and distinct categories of information.  Nevertheless, Plaintiff has not filed an objection to Defendant's interrogatories, and does not intend to do so.  Simply put, Plaintiff believes it would be a useless waste of this Court's time and expense to involve the Court in such a discovery dispute.  Clearly, the information requested in Plaintiffs' discovery requests is in compliance with FRCP 33(a), and Plaintiffs respectfully request that this Honorable Court deny Defendants' Motion.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant their Motion to Compel Answers to Interrogatories and impose costs and attorney fees against Defendant.

VANDEVEER GARZIA, P.C.

By  s/Timothy J. Connaughton
    DAVID B. TIMMIS  (P40539)
    TIMOTHY J. CONNAUGHTON (P60345)
    Attorneys for Plaintiff
    1450 West Long Lake Road/Suite 100
    Troy, MI  48098
    (248) 312-2800
    tconnaughton@vgpclaw.com

DATED:  September 4, 2007

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on September 4, 2007 a copy of NOTICE OF HEARING, PLAINTIFFS' MOTION TO COMPEL, BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL was served upon the attorneys of record of all parties to the above cause by electronic filing with the Clerk of the Court using the ECF System which will send notification of such filing to the foregoing.  I declare under the penalty of perjury that the statement above is true to the best of my information knowledge and belief.

VANDEVEER GARZIA, P.C.

By  s/Timothy J. Connaughton
    DAVID B. TIMMIS  (P40539)
    TIMOTHY J. CONNAUGHTON (P60345)
    Attorneys for Plaintiff
    1450 West Long Lake Road/Suite 100
    Troy, MI  48098
    (248) 312-2800
    tconnaughton@vgpclaw.com

VANDEVEER GARZIA, P. C.