**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

OMAR HARHARA
and RAWEYA HARHARA,

        Plaintiffs,

                                  Case No. 07-CV-12650

v.

HORMIDAS NORVILLE
and 127529 ONTARIO, INC.,

        Defendants.

                                              /

**OPINION AND ORDER GRANTING DEFENDANTS' "MOTION TO COMPEL
ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS" AND
"MOTION FOR QUALIFIED PROTECTIVE ORDER PURSUANT TO HIPAA"**

Pending before the court is Defendant Hormidas Norville and 127529 Ontario, Inc.'s August 21, 2007 "Motion to Compel Answers to Interrogatories and Production of Documents," and Defendants' August 23, 2007 "Motion for Qualified Protective Order Pursuant to HIPAA." The deadline for filing a response to Defendants' motions has passed and Plaintiffs Omar Harhara and Raweya Harhara have not filed a response to either motion, in violation of Eastern District of Michigan Local Rule 7.1(d). For the reasons set forth below, the court will grant Defendants' motions.

**I. BACKGROUND**

The instant action arises from an August 23, 2006 motor vehicle accident wherein a tractor-trailer driven by Norville collided with Plaintiff Omar's vehicle after Omar pulled onto I-94 from the shoulder. (Pls.'s Compl. at 2-3.) Norville's employer, Ontario, owned the tractor-trailer. (*Id.* at 2.) On March 29, 2007, Plaintiffs filed suit

against Defendants alleging negligence/gross negligence by Norville (Count I), ownership liability/respondeat superior/negligent hiring by Ontario (Count II) and a loss of consortium claim by Plaintiff Raweya (Count III). (*Id.* at 3-7.) The extent of each party's negligence, if any, and the extent of Plaintiff Omar's injuries are two of the major issues in the case.

## II. DISCUSSION

### A. Motion to Compel

On June 29, 2007, Defendants served their first set of interrogatories and request to produce documents. (Defs.'s Mot. to Compel at 2.) After receiving no response within the thirty days allotted by Federal Rules of Civil Procedure 33 and 34, Defendants wrote a letter to Plaintiffs' counsel, requesting a response. (8/7/07 Letter, Defs.'s Ex. B.) Plaintiffs did not respond to the letter and, to date, have not responded to Defendants' interrogatories and request to produce documents. (Defs.'s Mot. to Compel at 2.)

In light of Plaintiffs' noncompliance with Federal Rules of Civil Procedure 33 and 34, and in the absence of any evidence that Plaintiffs have good cause for their noncompliance, the court will grant Defendants' motion to compel. Further, the court finds that Defendants are entitled to an award of costs and attorneys' fees associated with preparing and filing their motion to compel.

### B. Motion for Qualified Protective Order

Plaintiffs' complaint alleges that Omar sustained "permanent, serious and debilitating injuries," to his neck, spine, back, legs, arms, nervous system and

2

musculoskeletal system.  (Pls.'s Compl. at ¶ 12.)  Raweya alleges that she suffered a loss of consortium, including "the loss of society and companionship of her husband," "a loss of the household services that he provided, and a loss of the incidents of the marital relationship that they had previously enjoyed."  (*Id.* at ¶ 16.)

To defend against Plaintiffs' claims, Defendants seek discovery on the issue of both Plaintiffs' medical condition.  Defendants seek the court to "enter an order providing that Plaintiffs' medical care providers shall provide medical records and may discuss information concerning Plaintiffs' medical care to counsel for the Defendants."  (Defs.'s Mot. at 3-4.)  Defendants stipulate that they would not disclose this confidential medical information "for any purposes other than litigation, and that at the end of the litigation, defense counsel must destroy or return to the provider any documents or other materials obtained from them . . . ."  (*Id.*)  Attached to Defendants' motion is a proposed qualified protective order pursuant to HIPAA.  (Proposed Order, Defs.'s Ex. C.)  Defendants allege that they twice attempted to gain concurrence in the requested relief, "but Defendants' requests have gone unanswered."  (Defs.'s Mot. at 2.)

Given that Omar has placed his medical condition at issue in this litigation, Defendants are entitled to discovery concerning his medical condition.[1]  In order to allow Defendants to properly defend this matter, the court finds that it is critical for Defendants to have the opportunity to review Omar's medical records and to discuss Omar's medical condition with his treating physicians.

---

[1]The court will discuss below the discovery that is appropriate as it pertains to Plaintiff Raweya.

The Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. § 164.512, establishes certain procedures pursuant to which confidential medical records may be disclosed. In section (e), HIPAA outlines the three ways to obtain protected health information during a judicial proceeding. One way is for counsel to obtain a court order that allows the health care provider to disclose "only the protected health information expressly authorized by such order." 45 C.F.R. § 164.512(e)(1)(I). The order must preclude the party obtaining the information from using it for purposes other than the litigation and requires that any materials acquired be destroyed or returned to the provider at the end of the litigation. 45 C.F.R. § 164.512(e)(1)(iv). In the absence of a court order, §§ 164.512(e)(1)(ii)(A) and (B) provide two additional options when used in conjunction with more traditional means of discovery.

Where a plaintiff has placed his medical condition at issue, a defendant is entitled to review the plaintiff's medical records and conduct *ex parte* interviews with the plaintiff's treating physicians. *See Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992) ("Because the federal courts do not recognize a federal physician-patient privilege, appellant's arguments regarding the scope of that privilege must be rejected, and the district court's decision [allowing *ex parte* contacts with the plaintiff's treating physicians] affirmed."). The court is persuaded that an order in compliance with HIPAA for the purpose of exploring Omar's injuries that are relevant to this action is warranted. Specifically, the order shall (1) allow Defendants' counsel access to Omar's medical

4

records that are relevant to this action,[2] (2) permit Defendants' counsel to meet with Omar's treating physicians to discuss his medical conditions, *so long as* the physicians are willing to voluntarily meet and confer with Defendants' counsel[3] and (3) preclude Defendants from using the information obtained for purposes other than the litigation and require that any materials acquired be destroyed or returned to the provider at the end of the litigation, pursuant to 45 C.F.R. § 164.512(e)(1)(iv).

The court is unpersuaded, however, that a HIPAA-compliant order pertaining to Raweya is necessary. Raweya's claim is a purely derivative loss of consortium claim. More to the point, Defendants have not presented any evidence, nor is the court aware of any evidence, that Raweya has received treatment for her loss of consortium injuries. Consequently, Raweya's medical records and treating physicians, to the extent that such exist, would not provide relevant evidence regarding Raweya's loss of consortium injuries. *See Weiss v. Astellas Pharma U.S., Inc.*, No. 05-527 slip op. at 1, 6 (E.D. Ky. July 23, 2007) (compelling only the plaintiff-husband to execute a HIPAA-compliant authorization in a case where the plaintiff-husband sustained injuries at the hands of the defendants' product and the plaintiff-wife alleged a loss of consortium claim). Accordingly, allowing the issuance of a protective order pertaining to Raweya is unwarranted.

---

[2]The order shall make clear that the medical information that defense counsel is entitled to review and discuss with Omar's treating physicians is limited to medical information that is relevant to this case.

[3]The order shall further make clear that Omar's physicians are not compelled against their wishes to meet with or discuss his medical condition with Defendants' counsel. If the physician wishes to have his or her counsel present during the meeting, such is permitted. Omar's presence or consent is not necessary.

## III.  CONCLUSION

IT IS ORDERED that Defendants' "Motion to Compel Answers to Interrogatories and Production of Documents" [Dkt. # 13] is GRANTED.  Plaintiffs are DIRECTED to provide complete answers to Defendants' interrogatories and to produce the requested documents no later than **October 2, 2007.**

IT IS FURTHER ORDERED that Plaintiffs shall pay Defendants' costs and attorneys' fees incurred in preparing and filing Defendants' motion to compel.  If the parties are unable to file a stipulation regarding attorneys' fees and costs, Defendants shall submit an affidavit and detailed supporting documentation evidencing such reasonable attorneys' fees and costs on or before **September 28, 2007**.  Plaintiffs may file objections, if any, by **October 5, 2007.**

IT IS FURTHER ORDERED that Defendants' "Motion for Qualified Protective Order Pursuant to HIPAA" [Dkt. # 14] is GRANTED.  Defendants are DIRECTED to resubmit a proposed HIPAA-compliant order, in accordance with the mandates set forth in Section II.B of this order no later than **October 25, 2007.**

                      s/Robert H. Cleland
                      ROBERT H. CLELAND
                      UNITED STATES DISTRICT JUDGE

Dated:  September 18, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 18, 2007, by electronic and/or ordinary mail.

                                             s/Lisa G. Wagner
                                             Case Manager and Deputy Clerk
                                             (313) 234-5522