UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR HARHARA and
RAWEYA HARHARA, his wife,

    Plaintiffs,

vs.                                                    Case No.: 07-12650

HORMIDAS NORVILLE and                  Hon. Ronald H. Cleland
127529 ONTARIO, INC.,
                                                     Mag. Steven D. Pepe
    Defendants.
_____/
DAVID B. TIMMIS (P40539)
Attorney for Plaintiffs
1450 W. Long Lake Rd., Ste. 100
Troy, MI 48098
(248) 312-2800

MARK SHREVE (P29149)
Garan Lucow Miller, P.C.
Attorney for Defendants
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600
_____/

**DEFENDANTS' ANSWER IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL NORVILLE HORMIDAS'
ANSWERS TO INTERROGATORIES**

**BRIEF IN OPPOSITION**

**CERTIFICATE OF SERVICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR HARHARA and
RAWEYA HARHARA, his wife,

    Plaintiffs,

vs.                                    Case No.: 07-12650

HORMIDAS NORVILLE and          Hon. Ronald H. Cleland
127529 ONTARIO, INC.,

                                         Mag. Steven D. Pepe

    Defendants.
_____/
DAVID B. TIMMIS (P40539)
Attorney for Plaintiffs
1450 W. Long Lake Rd., Ste. 100
Troy, MI 48098
(248) 312-2800

MARK SHREVE (P29149)
Garan Lucow Miller, P.C.
Attorney for Defendants
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600
_____/

**DEFENDANTS' ANSWER IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL NORVILLE HORMIDAS'
ANSWERS TO INTERROGATORIES**

      NOW COME the Defendants, Norville Hormidas and 127529 Ontario, Inc., by and through their attorneys, Garan Lucow Miller, P.C., and in opposition to Plaintiffs' Motion to Compel Defendant's (Norville Hormidas) Answers to Interrogatories state as follows:

2

1. These Defendants admit that this matter arises from an automobile negligence action where the Plaintiff was found by the Michigan State Police as responsible for this accident by way of "careless driving" in the area of Battle Creek, Michigan. Plaintiff filed this matter in the Wayne County Circuit Court. It is noted that Plaintiff with the Complaint sent out Interrogatories, Request for Production of Documents and Requests for Admissions to the Defendants. The Defendants properly and timely removed this matter to this Court, as well as thereafter responded to the Request for Production of Documents and the Request to Admissions, but objected to Plaintiffs' Interrogatories as being in violation of FRCP 33(a).

2. These Defendants admit same.

3. These Defendants deny same, as Plaintiffs prepared two sets of Interrogatories; one directed to the Defendant Ontario, Inc. which consisted of 27 Interrogatories and subparts which the Defendants did not object to as being in violation of FRCP 33(a), but proceeded to answer in an effort to be cooperative in discovery (**Exhibits 3 & 4**). Despite the foregoing discovery actions by the Plaintiffs, Plaintiffs also on July 20, 2007 submitted another 95 Interrogatories and subparts to Defendant Hormidas (**Exhibit 2**).

4. These Defendants admit same.

5. These Defendants deny same as Plaintiffs' discovery requests are clearly in violation of the FRCP 33(a).

6. Your Defendants further request that this Court award actual costs and attorney fees to the Defendants for having to respond to Plaintiffs' motion for the reasons set forth in the attached brief, as Plaintiffs' repetitive, harassing and abusive discovery requests clearly violate FRCP 33(a).

Wherefore, your Defendants respectfully request that this Honorable Court deny Plaintiffs' Motion to Compel Answers to Interrogatories Directed to Norville Hormidas and impose costs and attorney fees against the Plaintiffs.

Date:  September 19, 2007            s/Mark Shreve
MARK SHREVE
Garan Lucow Miller, P.C.
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600
mshreve@garanlucow.com
(P29149)

## **TABLE OF CONTENTS**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Law and Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Defendant-Driver  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Experts  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# TABLE OF AUTHORITIES

**Cases**

*Capacchione v Charlotte-Mecklenburg Schools,* 182 F.R.D. 486, 492
 (W.D. N.C. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Estate of Manship v United States*, 232 F.R.D. 552 (M.D. La 2005) . . . . . . . . . . . . 4, 6

*Kendall v GES Exposition Services, Inc.*, 174 F.R.D. 684 (D. Nev. 1997) . . 3, 4, 6, 7, 9

*Potluri v Yalamanchili*, 2007 WL 1201576 (E.D. Mich) . . . . . . . . . . . . . . . . . . . . . . . 4

*Safeco of America v. Rawstron*, 181 F.R.D. 441, 443 (C.D. Cal. 1998) . . . . . . . . . . . . 2

*Trevino v ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) . . . . . . . . . . . . 9

*United States v Diabetes Treatment Centers of America, Inc.,*
 235 F.R.D. 521 (D.D.C. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 586
 (C.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Williams v Board of County Commissioners of the Unified Government*
 *of Wyandotte County and Kansas City Kansas, et al,* 192 F.R.D 698
 (D. Kansas 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Rules**

F. R. Civ. P. 33(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 5, 9, 10

146 F.R.D. 401, 675 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Now comes Defendants Norville Hormidas and 127529 Ontario, Inc., by and through their attorneys, Garan Lucow Miller, P.C., and in Opposition to Plaintiffs' Motion to Compel Answers to Interrogatories to Defendant Hormidas state as follows:

**INTRODUCTION**

This matter is a third party auto accident cause of action. Plaintiff is alleging that the Defendant Hormidas was negligent in the operation of a tractor/trailer when an accident occurred with Plaintiff's vehicle, although Plaintiff was cited by the Michigan State Police for "careless driving". Plaintiffs continue to violate the Federal Rules of Civil Procedure by repeatedly submitting Interrogatories in excess of the limit imposed by Rule 33(a).

First, Plaintiffs' submitted Interrogatories on March 27, 2007 that were violation of the Rule 33(a) (**Exhibit 1**). Accordingly, the Defendants objected to these Interrogatories. Then, Plaintiffs submitted two sets of Interrogatories on July 20, 2007 one to Defendant Hormidas and one to 127529 Ontario, Inc. (**Exhibit 2** & **Exhibit 3**). Defendant 127529 Ontario, Inc answered the Interrogatories on August 18, 2007(**Exhibit 4**).

However, Defendant Hormidas objected to answering the interrogatories submitted by Plaintiffs because these Interrogatories to Defendant Hormidas amount to more than 95 Interrogatories and discrete subparts in direct contradiction of FRCP 33(a). Accordingly, Defendants responded to these Interrogatories by way objection on or about August 10, 2007 for the reason that the Interrogatories violated the clear language of FRCP 33(a) (**Exhibit 5**). Instead of redrafting his Interrogatories to conform with the clear language limiting the number of Interrogatories Plaintiffs have filed this Motion to Compel.

Throughout this litigation, Plaintiffs have engaged in dilatory tactics, evasive maneuvers, gamesmanship, and harassment in an effort to force Defendants to spend

1

needless time and money to defend this baseless lawsuit.  For example, if Plaintiff was concerned with drafting appropriate Interrogatories he never would have requested this MAN'S maiden name (**Exhibit 2** - Interrogatory 1(b)).  Now, Plaintiffs seek this Court's approval to continue down this path of harassment.  If Plaintiffs had simply spent the time to re-draft their Interrogatories to conform to the requirements of FRCP 33(a) rather than wasting this Court's and these Defendants' time with this frivolous motion, there would be no need to hear the present groundless motion.

## LAW AND ARGUMENT

FRCP 33(a) provides, in relevant part:

> (a) **Availability**.  Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, <u>not exceeding 25 in number including all discrete subparts</u>, to be answered by the party served . . . .

[Emphasis added].

Rule 33(a) was amended to include the numerical limit in 1993. *Walker v. Lakewood Condominium Owners Ass'n,* 186 F.R.D. 584, 586 (C.D. Cal.1999). As the district court noted in *Walker,* "[t]he purpose of this revision [was] to reduce the frequency and increase the efficiency of interrogatory practice" since "the device can be costly and may be used as a means of harassment." *Id;* also see Advisory Committee Note to 1993 Amendment to Rule 33; *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D.N.C.1998) ("The limit also serves to force parties to make prudent and constructive use of this discovery device."); *Safeco of America v. Rawstron,* 181 F.R.D. 441, 443 (C.D.Cal.1998).

Rule 33(a) expressly forbids a party from serving more than 25 Interrogatories, including "discrete subparts," upon another party "[w]ithout leave of court or written

2

stipulation." Unfortunately, the Rule does not, define the term "discrete subparts." Plaintiffs attempt to get around the cap of 25 Interrogatories by including many subparts and trying to exploit the "discrete subpart" clause. This is impermissible under Rule 33(a) and the cases interpreting the same.

"Extensive use of subparts, whether explicit or implicit, could defeat the purposes of the numerical limit contained in Rule 33(a)[.]" *Williams v Board of County Commissioners of the Unified Government of Wyandotte County and Kansas City Kansas, et al.*, 192 F.R.D. 698 (D. Kansas 2000).

The Advisory Committee Notes that is on point in the present instance states[1]:

> Each party is allowed to serve 25 interrogatories upon any other party, but must secure leave of court (or a stipulation from the opposing party) to serve a larger number. <u>Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects</u>.

146 F.R.D. 401, 675 [emphasis added].

The case law on the subject holds that an interrogatory may only contain multiple parts that "are logically or factually subsumed within and necessarily related to the primary question." *United States v Diabetes Treatment Centers of America, Inc.,* 235 F.R.D 521 (D.D.C. 2006). Accordingly, a court must employ an analysis whether the subparts in Plaintiffs' Interrogatories are subsumed within the questions or whether the subparts are discrete, and therefore, should be treated and counted as separate Interrogatories.

To determine what is deemed "related" or "factually subsumed" is a difficult question. In *Kendall v GES Exposition Services, Inc.* 174 F.R.D. 684 (D. Nev. 1997), the

---

[1]Plaintiffs cite to an Advisory Committee Note that is not on point and is discussed *infra.* The Note that Plaintiffs refer to in their brief is applicable to communications ONLY and not the matter before this Court.

3

Court inquired on how to determine what subparts are "logically or factually subsumed within and necessarily related to the primary question." The Court announced the following inquiry to assist in the determination as to what constitutes a "discrete subpart" as follows:

> Probably the best test of whether subsequent questions, within a single, interrogatory, are subsumed and related is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question? Genuine subparts should not be counted as separate interrogatories. However, discrete or separate questions should be counted as interrogatories, notwithstanding they are joined by a conjunctive work and may be related.   *Id. at 685-686.*

In other words, "[i]f the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first and not 'factually subsumed within and necessarily related to the primary question'." *Estate of Manship v United States*, 232 F.R.D. 552 (M.D. La 2005); Kendall *v GES Exposition Services, Inc.* 174 F.R.D. 684, 686 (D. Nev. 1997).

In an unpublished case from the Eastern District of Michigan the Court was confronted by the very task of determining what constituted "discrete subparts". *Potluri v Yalamanchili,* 2007 WL 1201576 (E.D Mich). (**Exhibit 6** *Potluri v Yalamanchili*). In *Potluri* the Court explained "discrete subparts" as follows: "Each subpart asks for discrete pieces of information and therefore properly considered subparts." *Id.* *1. The Court gave examples of what discrete subparts are:

> Defendants' Interrogatory No. 1 asks Plaintiff to identify all entities in which Plaintiff owned an interest during the proceeding ten years. The second subpart asks the nature of the business interest. The third subpart asks for the location of the business interest. These requests are for discrete pieces of information. These interrogatories therefore violate Rule 33(a).   *Id. at* *1.

4

Plaintiff's Interrogatories clearly violate the limit imposed by Rule 33(a) as the subparts require separate information in each of the subparts. Without going over all the Interrogatory requests made by Plaintiffs, Defendants will highlight a few of Plaintiffs' Interrogatory requests that clearly illustrate the distinct nature of the requests.

**Interrogatory 1**

Interrogatory 1 asks for 10 labeled subsections with a minimum of 13 different requests for distinct information (**Exhibit 1**). The Interrogatory is as follows:

**DEFENDANT-DRIVER**

1. **INTERROGATORY:** With regard to the Defendant-Driver, please set forth the following:

    a. Complete legal name; [*1*]

    b. Maiden name, if applicable; [*2*]

    c. Name of current spouse [*3*] and date of marriage [*4*];

    d. Name of any prior spouses, [*5*] dates of marriage [*6*] and dates of divorce; [*7*]

    e. Any alias; [*8*]

    f. Date of birth; [*9*]

    g. Complete home address; [*10*]

    h. Driver's licence number; [*11*]

    i. Social security number; [*12*] and

    j. Complete driving record [*13*], including any and all tickets, citations, infractions or the like, relating to the Defendant, including the date of the offense, issuing agency, a detailed description of the resolution of said charges [*14*] and a detailed description of the incident or episode that led to said charges. [*15*]

As reflected by the italicized number in brackets there are easily 15 separate and

5

distinct questions asked by Plaintiff. Plaintiff's argument that since all the above subparts deal with Defendant Hormidas and thus should be counted as one interrogatory is nonsensical. For example, arguing that subsection a. which requested defendant's name is somehow the same question as providing a complete driving record as requested in subsection j. is ridiculous. These are two completely different requests which require distinctly different information and analysis. Another example, is when subsection c requested the name of the Defendant's current spouse and date of marriage this information is completely independent than the rest of the information requested, such as aliases, addresses, driver's license number, and prior spouses, dates of prior marriages and dates of prior divorce.

Employing the analysis provided in *Kendall v GES Exposition Services Inc.* and *Estate of Manship v United States*, *supra*, also requires a determination that the subparts in Plaintiffs' Interrogatory No. 1 are discrete. For example, the question of Defendants' marital status can be answered independently and completely without ever discussing his driver's license number. Since each question can stand on its own and does NOT touch upon the other of these distinct Interrogatories the subparts must be counted as separate.

**Interrogatory 11**

This Interrogatory states:

**WITNESSES**

11. **INTERROGATORY**: As to each and every witness who has any knowledge relating to the facts and circumstances involved in this matter, please set forth the following:

    a.  The witness' name [1], home address [2] and home telephone number [3];

    b.  The witness' business position/job title [4], job responsibilities [5] and business telephone

6

        number [*6*];

  c.    The witness' date of birth [*7*];

  d.    The witness' social security number [*8*];

  e.    The witness' driver's license number [*9*];

  f.    The witness' relationship to any party to this litigation [*10*]; and

  g.    A detailed description of the anticipated testimony from each witness [*11*].

**Exhibit 1**

As reflected by the italicized number in brackets there easily are 11 separate and distinct questions asked by Plaintiff. The questions require a separate inquiry for each of the subparts and depending on how many witnesses are involved this number could skyrocket. Again, under the standard announced in *Kendall*, these Interrogatories must be deemed separate and discrete subparts because the question, could standard alone as "primary."

**Interrogatory 12**

This Interrogatory states:

### EXPERTS

12.    **INTERROGATORY**: Has the Defendant, or does the Defendant anticipate retaining any experts in connection with this matter [*1*]. If so, please state the following:

  a.    The name, address and telephone number of each such experts [*2*];

  b.    The business position/job title [*3*], job responsibilities [*4*], business address [*5*] and business telephone number of each such individual [*6*];

  c.    The complete educational background of each individual [*7*];

7

    d.    A complete employment background for such individual [*8*];

    e.    A complete listing of qualifications and credentials for each such individual [*9*];

    f.    A complete listing of any and all licenses [*10*], certificates [*11*], and the like held by each individual;

    g.    Please provide a detailed description of the speciality of each such individual [*12*];

    h.    Please indicate whether defense counsel or a member of his firm has previously retained such individual [*13*] and if so, please state the following:

        1.    The number of times each such individual has been retained by counsel for the Defendant or a member of his firm [*14*];

        2.    Please provide the case caption for each lawsuit in which each individual has been involved [*15*];

        3.    Please provide a detailed description of the opinions offered in each such case [*16*];

        4.    Please provide the amount of compensation paid to each individual on each occasion that said individual was retained [*17*].

    I.    Please provide a detailed description of the opinions to be offered by each such individual in the present matter [*18*];

    j.    Please provide a complete listing of any and all articles, treatises, or the like that will support the opinions to be offered by each such individual in the present matter [*19*]; and

    k.    Please provide a detailed description of any and all efforts undertaken by each such individual in connection with the present matter [*20*], and the financial charges associated with the same [*21*].

**Exhibit 2**.

8

As reflected by the italicized number in brackets there are easily 21 separate and distinct questions asked by Plaintiffs. If Plaintiffs would like to use this Interrogatory, which is over a page an a half long, it would comprise almost all of their allotted Interrogatories. The Court in *Trevino v ACB American, Inc.* 232 F.R.D. 612, 614 (N.D. Cal 2006), spoke directly to the information sought in Plaintiffs' Interrogatory 12. In *Trevino* the Court held that an interrogatory is impermissibly compound when it asked for identification of expert witnesses, specific opinions that would be given during the testimony and the grounds for each expert's testimony. The court held that each of the items are distinct questions, each counting as a separate interrogatory under Rule 33(a). In light of the holding in *Trevino* this Court must find Interrogatory 12 incredibly compound with 21 separate issues.

In Plaintiffs' brief he has attempted to evade FRCP 33(a) by joining subparts seeking information about separate, distinct subjects. Rather than re-draft these Interrogatories to comply with Rule 33(a), Plaintiffs have attempted to rely on an inapplicable Advisory Committee Notes that is directed to communications of a particular type and is not applicable to the present Interrogatories before this Court. (*See* page 2 of Plaintiff's brief).

Additionally, the Plaintiffs would like the Court to allow the subparts to be counted as one Interrogatory since the subparts relate to a "central theme." This standard is impossible to apply. It could be logically argued that if the questions are relevant to the case, then all the interrogatories could be combined and be deemed as only one interrogatory and there could never be an excessive number. *Kendall v GES Exposition Services, Inc.* 174 F.R.D. 684, 685 (D. Nev. 1997). Accordingly, Plaintiff could be arguing that since all of the Interrogatories relate to the same underlying accident there is only one Interrogatory relating to this "central theme". This argument runs afoul to having a

9

limitation on Interrogatories.

It has become obvious that many of the Interrogatories that Plaintiff submitted are irrelevant, objectionable and clearly inappropriate in regard to this matter. This motion filed by Plaintiffs is simply a demonstration of Plaintiff's unwillingness to follow or indifference towards FRCP 33(a) and Plaintiffs desire to harass the Defendants with outrageous and absurd Interrogatories which are irrelevant and essentially nonsensical as it relates to this action. Furthermore, many of the Interrogatories directed to Defendant Hormidas are repetitive of the Interrogatories directed to Ontario, Inc. (compare **Exhibit 2 to Exhibit 3**).

Plaintiff has clearly violated the numerical limitation set forth in FRCP 33(a) through its extensive use of subparts. Plaintiffs' attempt to disguise this violation by relying on inapplicable Advisory Committee Notes ignores the clear language of FRCP 33(a) and case law interpreting the precise issue before this Court. Plaintiff's present gamesmanship and failure to comply with the Federal Rules (or even bother to re-draft the Interrogatories) should not be permitted to continue.

WHEREFORE, Defendants request that Plaintiffs' Motion To Compel be denied together with costs and attorney fees awarded to the Defendants.


Date: September 19, 2007         s/Mark Shreve
                                 MARK SHREVE
                                 Garan Lucow Miller, P.C.
                                 1111 W. Long Lake Rd., Ste. 300
                                 Troy, MI 48098-6333
                                 (248) 641-7600
                                 mshreve@garanlucow.com
                                 (P29149)

483345.1

10

11

## CERTIFICATE OF SERVICE

      I hereby certify that on <u>September 19, 2007</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  DAVID B. TIMMIS

                                                <u>s/Mark Shreve</u>
                                                MARK SHREVE
                                                Garan Lucow Miller, P.C.
                                                1111 W. Long Lake Rd., Ste. 300
                                                Troy, MI 48098-6333
                                                (248) 641-7600
                                                mshreve@garanlucow.com
                                                (P29149)

483345.1