**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

OMAR HARHARA
and RAWEYA HARHARA,

        Plaintiffs,

                                            Case No. 07-CV-12650

v.

HORMIDAS NORVILLE
and 127529 ONTARIO, INC.,

        Defendants.
                                         /

**OPINION AND ORDER GRANTING PLAINTIFFS' "MOTION TO COMPEL
DEFENDANTS' ANSWERS TO INTERROGATORIES"**

Pending before the court is Plaintiff Omar Harhara and Raweya Harhara's "Motion to Compel Defendants' Answers to Interrogatories," filed September 4, 2007. The matter has been fully briefed. For the reasons stated below, the court will grant Plaintiffs' motion.

On July 20, 2007, Plaintiffs served their interrogatories upon Defendants Hormidas Norville and 127529 Ontario, Inc. On August 10, 2007, Defendants filed an objection on the grounds that Plaintiffs submitted an excessive number of interrogatories, in violation of Federal Rule of Civil Procedure 33.[1] (Defs.'s Objection, Pls.'s Mot. Ex. B.) Plaintiffs' interrogatories are seventeen in number,[2] most of which

---

[1] Pursuant to Federal Rule of Civil Procedure 33(a), a "party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts."

[2] Although the last of Plaintiffs' interrogatories is numbered eighteen, the interrogatories are misnumbered and there are actually a total of seventeen interrogatories.

contain subparts relating to the primary question.[3]  On September 4, 2007, Plaintiffs filed their "Motion to Compel" Defendants' answers to interrogatories.  Plaintiffs argue that, so long as the interrogatory focuses on one common theme and subject matter, each subpart is not to be treated as a discrete and separate entity for purposes of tabulating the number of interrogatories presented.  (Pls.'s Mot. at 3.)

Federal Rule of Civil Procedure 33(a) provides that without leave of court or stipulation, a party may serve upon another party written interrogatories, "not exceeding 25 in number including all discrete subparts."  The Advisory Committee to the Federal Rules stated, "[p]arties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects."  Advisory Committee Note, Fed. R. Civ. P. 33 (1993 Amendments).  The Committee went on to note that, as an example, "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."  (*Id.*)  If the subparts to an interrogatory are necessarily related to the "primary question," the subparts should be counted as one interrogatory rather than as multiple interrogatories.  *Steinbach v. Credigy Receivables, Inc.*, No. 05-114, slip op. at

---

[3]For example, one interrogatory asks whether Defendant Norville was previously employed, with subparts asking about (a) the nature of the employment, (b) the name and address of the employer, (c) the time period of employment and (d) the reason for separation with the employment.  (Pls.'s Interrogs. at ¶ 3, Pls.'s Ex. A.)  Another interrogatory asks whether Defendant Norville was taking prescription medication at the time of the accident, with subparts requesting (a) a description of the medication, (b) the name, address and telephone number of the prescribing doctor, (c) the most recent occasion prior to the accident that such medication was taken and (d) Defendant Norville's opinion regarding whether the medication affected his ability to operate a motor vehicle.  (*Id.* at ¶ 14.)

2 (E.D. Ky. April 14, 2006). Additionally, Federal Practice and Procedure advises that "an interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question." Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Number of Interrogatories*, Federal Practice and Procedure § 2168.1 (2d ed. 1994).

After evaluating Plaintiffs' interrogatories, the court is persuaded that the subparts are factually and/or logically related to the primary question and are subsumed by the primary question to such a degree as to warrant treating the subparts as part of the primary interrogatory. The court is aware that extensive or harassing use of subparts could defeat the purposes of the numerical limitation contained in Rule 33(a). However, the court does not find that Plaintiffs' use of subparts is either excessive or has the purpose of harassing Defendants. Even assuming that a portion of the subparts could be considered discrete, the court finds that Plaintiffs have not abused their right to propound interrogatories and grants Plaintiffs leave to exceed the numerical limit as to the interrogatories already served.[4] Consequently, Defendants' objection to Plaintiffs' interrogatories is rejected.

Moreover, each party seeks to recover the costs incurred relative to this discovery dispute. The court is not persuaded that an award of costs in favor of either party is warranted. Although Defendants' objection was ultimately rejected, the objection is not wholly without merit. The court acknowledges that what constitutes a

---

[4] Federal Rule of Civil Procedure 33(a) allows a party to serve more than 25 interrogatories with leave of the court.

"discrete subpart" is somewhat of a grey area, and reasonable arguments are able to be made, and indeed have been made, on both sides. Accordingly,

IT IS ORDERED that Plaintiffs' "Motion to Compel Defendants' Answers to Interrogatories" [Dkt. # 15] is GRANTED. Defendants are DIRECTED to provide complete answers to Plaintiffs' interrogatories on or by **October 4, 2007.**


                                                  s/Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: September 25, 2007


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 25, 2007, by electronic and/or ordinary mail.


                                                  s/Lisa G. Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522