**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

OMAR HARHARA
and RAWEYA HARHARA,

       Plaintiffs,

v.                                Case No. 07-CV-12650

HORMIDAS NORVILLE
and 127529 ONTARIO, INC.,

       Defendants.
                                         /

### OPINION AND ORDER AWARDING ATTORNEYS' FEES TO DEFENDANTS

Pending before the court is Defendant Hormidas Norville and 127529 Ontario,

Inc.'s "Presentment of Statement of Costs," filed pursuant to the court's September 18,

2007 order granting Defendants' motion to compel. For the reasons stated below, the

court will award Defendants $542.50 in reasonable attorneys' fees incurred in preparing

their motion to compel.

### I. BACKGROUND

On June 29, 2007, Defendants served upon Plaintiffs Omar Harhara and Raweya

Harhara their first set of interrogatories and document production requests. (Defs.' Mot.

to Compel at 2.) After receiving no response from Plaintiffs within the thirty days

allotted by Federal Rules of Civil Procedure 33 and 34, Defendants wrote a letter to

Plaintiffs' counsel on August 7, 2007, requesting a response. (8/7/07 Letter, Defs.' Mot.

to Compel Ex. B.) On August 21, 2007, after not having received a response to

Defendants' letter or interrogatories and production requests, Defendants filed a "Motion to Compel Answers to Interrogatories and Production of Documents." (*See generally* Defs.' Mot. to Compel.)

On September 18, 2007, the court entered an order granting Defendants' motion to compel. The court found:

> In light of Plaintiffs' noncompliance with Federal Rules of Civil Procedure 33 and 34, and in the absence of any evidence that Plaintiffs have good cause for their noncompliance, the court will grant Defendants' motion to compel. Further, the court finds that Defendants are entitled to an award of costs and attorneys' fees associated with preparing and filing their motion to compel.

(9/18/07 Order at 2.) The order instructed Defendants that if the parties could not file a stipulation regarding attorneys' fees and costs incurred in preparing and filing Defendants' motion to compel, Defendants were to submit an affidavit and detailed supporting documentation evidencing such reasonable attorneys' fees and costs. (*Id.* at 6.) Accordingly, on September 26, 2007, Defendants filed their "Presentment of Statement of Costs," seeking $542.50 in attorneys' fees, comprised of 3.1 hours of attorney time at an hourly rate of $175.00. (Defs.' Stmt. of Costs at 2.) On October 5, 2007, Plaintiffs filed their objections. (*See generally* Pls.' Objection.)

## II. STANDARD

The "lodestar" approach is considered to be the proper method for determining the amount of reasonable attorney fees. *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see also United States v. Metro. Health Corp.*, No. 02-485, 2005 WL 3434830, at *7 (W.D. Mich. 2005) (applying the lodestar approach in determining the reasonableness of an attorneys' fee award in a civil contempt case). In making the "lodestar"

calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433-34. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.* Once the lodestar is calculated, the fee may be adjusted in consideration of a number of factors: (1) time and labor; (2) difficulty of the case; (3) skill necessary; (4) the extent the attorney is precluded from working on other matters; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations; (8) the amount involved and results obtained; (9) the attorneys' experience, reputation, and ability; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases. *Id.* at 430 n.3.

### III. DISCUSSION

Plaintiffs claim that Defendants are not entitled to attorneys' fees because Plaintiffs submitted answers to Defendants' interrogatories two days after Defendants filed their motion to compel. (Pls.' Objection at 1-2.) Plaintiffs also point out that they believed that a response to Defendants' motion to compel was unnecessary given that the letter that Plaintiffs sent along with their answers stated that Plaintiffs assumed that Defendants would withdraw their motion to compel and requested that Defendants alert Plaintiffs if such was not the case. (*Id.* at 2.) Plaintiffs claim that they never received a response from Defendants, and thus, believed that Defendants would withdraw their motion to compel. (*Id.*) Even assuming that Plaintiffs' assertions are true, the court nevertheless finds that Defendants are entitled to attorneys' fees. Plaintiffs did not submit their answers to interrogatories until two days *after* Defendants filed their motion to compel, which came well after the 30 days allotted by Federal Rules of Civil

3

Procedure 33 and 34 to respond to interrogatories and production requests.  By this point, Defendants had already incurred attorneys' fees in relation to their motion to compel.  Accordingly, the court finds that Defendants are entitled to attorneys' fees incurred in preparing their motion to compel.

## A.  Reasonable Hourly Rate

Defendants seek to recover attorneys' fees for work performed by attorney Mark Shreve at an hourly rate of $175.  (Defs.' Stmt. of Costs at 2.)  A reasonable hourly billing rate is generally calculated according to the prevailing market rates in the relevant community.  *Blum v. Stenson*, 465 U.S. 886, 897 (1984).  "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id.* at 896 n.11.  An attorneys' fee must be "adequate to attract competent counsel, but . . . not produce windfalls to attorneys."  *Id.* (internal quotations and citations omitted).

District courts have relied on the State Bar of Michigan 2003 Economics of Law Practice survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice.  *See Lamar Adver. Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 501-02 (6th Cir. 2006).  The 2003 State Bar of Michigan survey demonstrates that, during 2003, the average hourly billing rate for attorneys practicing in Michigan was $177 and, for attorneys practicing in southeastern Michigan, $186.  (2003 Mich. Bar Survey at 25-26.)  For attorneys working in firms that have between twenty-one and fifty attorneys, the average 2003 billing rate was $195.  (*Id.* at 25.)

4

Even taking into account the rate increase from 2003 to 2007, a number of courts have found that $200 per hour constitutes a fair average billing rate for fee award purposes in several types of litigation. *See Auto Alliance Int'l v. U.S. Customs Serv.*, 155 F. App'x 226, 228 (6th Cir. 2005); *Lamar*, 178 F. App'x at 501-02; *Darbyshire v. Garrison*, No. 04-CV-72272, 2006 WL 581032, at *3 (E.D. Mich. Mar. 8, 2006).

Defendants' counsel, Mark Shreve, works in the Troy office of Garan Lucow, a mid-to-large-size law firm. Although Shreve fails to present the court with any information regarding his experience or qualifications, the court nevertheless finds that Shreve's requested rate of $175 per hour is reasonable in light of the prevailing rates in the community and the type of litigation presented by the instant case. *See Auto Alliance Int'l,* 155 F. App'x at 228; *Lama*r, 178 F. App'x at 501-02. Additionally, apart from objecting to an award of attorneys' fees generally, Plaintiffs indicate that they do not have an objection to the $175 hourly rate requested by Defendants. (Pls.' Objection at 3.)

### B. Number of Hours Reasonably Expended

Defendants seek compensation for a total of 3.1 hours of attorney time. (Defs.' Stmt. of Costs at 2.) The attorney time consists of time spent (1) preparing written correspondence to Plaintiffs' counsel concerning discovery requests, (2) preparing Defendants' motion to compel and supporting brief and (3) reviewing the court's opinion granting Defendants' motion to compel. (*Id.*) The court rejects Plaintiffs' argument that the time expended on the motion to compel was excessive, and finds that 3.1 hours were sufficiently documented and reasonably expended. Accordingly, the court awards Defendants their attorneys' fees for 3.1 hours, at a rate of $175 per hour, for a total

attorneys' fees award of $542.50.  Defendants do not seek to recover any costs.

## IV.  CONCLUSION

IT IS ORDERED that Plaintiffs pay Defendants $542.50 in reasonable attorneys'

fees incurred in preparing their motion to compel.  Payment is to be tendered no later

than **October 19, 2007**.


                                    s/Robert H. Cleland
                                    ROBERT H. CLELAND
                                    UNITED STATES DISTRICT JUDGE


Dated:  October 9, 2007


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, October 9, 2007, by electronic and/or ordinary mail.


                                    s/Lisa G. Wagner
                                    Case Manager and Deputy Clerk
                                    (313) 234-5522